# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH ROBERT FILBERT, | ) |
| Plaintiff, | ) Civil Action No. 2: 13-cv-0156 |
| v. | ) United States Magistrate Judge |
| WESTMORELAND COUNTY PRISON, | ) Cynthia Reed Eddy |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The Court is statutorily required to review the complaint of a plaintiff proceeding *in forma pauperis* prior to service of process. 28 U.S.C. §§ 1915(e), 1915A(a). The Court must "screen" the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B). The United States Supreme Court has held that 28 U.S.C. § 1915(e)(2)(B)'s term "frivolous" when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation," such that a claim is frivolous within the meaning of section 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Moreover, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e). *See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole*, 128 F.3d 143, 145 n. 2 (3d Cir.1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal

1

of in forma pauperis actions that are frivolous or fail to state a claim."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Id.*, 490 U.S. at 327–28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). *See also Deutsch v. United States*, 67 F.3d 1080, 1091–92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back); *Denton v. Hernandez*, 504 U.S. 25 (1992) (where complaint alleges facts that are "clearly baseless," "fanciful" or "delusional," it dismissed as frivolous).

Viewed in light of these standards, it is obvious that Plaintiff's complaint fails to state a cause of action and is woefully short of the facts and particulars that would put Defendant Westmoreland County Prison on notice of what Plaintiff is claiming it did (or did not do) that requires redress. The Complaint seems to be stating a claim of some sort under the Americans with Disabilities Act. If Defendant was served with this Complaint, it would have only a vague idea of the nature and none of the particulars of Plaintiff's claim.

As it stands now, Plaintiff's complaint is frivolous because it lacks an arguable basis either in law or in fact.

In sum, in its current form the Complaint fails to state a claim upon which relief may be granted. However, before dismissing a complaint for failure to state a claim upon which relief may be granted under the screening provisions of 28 U.S.C. § 1915, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital,* 293 F.3d 103, 114 (3d Cir. 2002). In light of this

requirement, although this screening merits analysis calls for dismissal of the complaint, Plaintiff will be granted an opportunity to further litigate this matter by endeavoring to promptly file an Amended Complaint.

Accordingly, it is hereby **ORDERED** that Plaintiff's complaint is dismissed, with leave of court to amend the complaint to cure its obvious deficiencies. The Amended Complaint must recite factual allegations which are sufficient to raise the Plaintiff's claimed right to relief beyond the level of more speculation, contain "a short and plain statement of the claim showing that the pleading is entitled to relief," Fed.R.Civ.P. 8(a)(2), set forth in averments that are "concise, and direct." Fed.R.Civ.P. 8(e)(1).

The Amended Complaint should set forth Plaintiff's claims in short, concise and plain statements, and in sequentially numbered paragraphs. The Amended Complaint should name the proper defendant(s), specify the offending actions taken by a particular defendant, be signed, and indicate the nature of the relief sought. Further, the claims should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants.

The Clerk of Court is directed to mark this case closed.

**SO ORDERED** this 18th day of June, 2014.

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: JOSEPH ROBERT FILBERT
Butler County Prison
202 S. Washington St.
Butler, PA 16001