IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH ROBERT FILBERT,
    Plaintiff,

v.

WESTMORELAND COUNTY PRISON,
    Defendant.

)
)
)
)
)
)
)
)
)
)

Civil Action No. 2:13-cv-0156

United States Magistrate Judge
Cynthia Reed Eddy

## MEMORANDUM OPINION[1]

For the reasons to follow, this case will be dismissed for failure to prosecute.

The above captioned case was initiated by the filing of a Complaint on January 30, 2013. The case was initially dismissed without prejudice due to Plaintiff's failure to provide the proper financial documentation as required by the Prison Litigation Reform Act. After receipt of the prerequisite financial document, Plaintiff's Complaint was filed on May 29, 2014. On June 18, 2014, pursuant to 28 U.S.C. §§ 1915(e) and 1915A(a), the Court *sua sponte* dismissed the complaint for failure to state a claim and the case was statistically closed. Plaintiff was granted leave of court to amend his complaint to cure its obvious deficiencies.

On June 25, 2014, Plaintiff filed an Amended Complaint and the case was reopened. On September 2, 2014, Defendant filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). On September 17, 2014, the Court stayed the case pending resolution of issues related to Plaintiff's mental competency. On October 22, 2014, the Court directed the Clerk of Court to request a lawyer to consider entering an appearance on behalf of Plaintiff. The Court received four (4) declination of request to represent Plaintiff. Sealed ECF Nos. 29, 30, 31, and 32.

---

[1] The parties have consented to jurisdiction by the undersigned Magistrate Judge. See 28 U.S.C. § 636 et seq.; Consent to Trial / Jurisdiction by United States Magistrate Judge (ECF Nos. 19 and 32).

1

On August 13, 2015, the Court became aware that Plaintiff had been released from prison on August 7, 2015. Plaintiff failed to notify the Court of a forwarding address. ECF No. 45. On October 23, 2015, Defendant filed a Petition for Rule to Show Cause Why Case Should Not be Demissed. ECF No. 46. On October 26, 2015, the Court issued a Show Cause Order advising Plaintiff that he shall file on or before November 30, 2015, a response to the Order as to why this case should not be dismissed for failure to prosecute. Plaintiff was advised that failure to file a response on or before November 30, 2015, would result in the Court issuing an Order dismissing this action for Plaintiff's failure to prosecute. Copies of the Order were mailed to Plaintiff at two separate addresses: Joseph R. Filbert, 33924068-N-5, P. O. Box 879, Ayer, MA 01432, which was returned to the Court with the following notation "Return to Sender, Not Deliverable as Addressed, Unable to Forward," and Joseph Robert Filbert, Butler County Prison, 202 S. Washington St., Butler, PA 16001, which was returned to the Court with the following notation: "Released to U.S. Marshals." Finally, On December 8, 2015, Plaintiff filed a response to the Show Cause Order stating that he had been released on August 7, 2015 and that he still suffered from a brain injury and that he was "getting adjusted from being newly in public in society." ECF No. 49.

Also on December 8, 2015, Defendant Westmoreland County Prison filed another Motion to Dismiss for Failure to Prosecute. ECF No. 50. Plaintiff was ordered to respond on or before January 4, 2016 and warned that failure to respond would result in the motion being decided without the benefit of his response. ECF No. 53. Plaintiff was also ordered to inform the Court whether he intended to pursue two other lawsuits that he had pending with the Court. ECF No. 54.

On January 4, 2016, Plaintiff responded, indicating that: "The Plaintiff has sufficient evidence to provide to indicate violations of his Federal Protected rights." ECF No. 56. The Court then consolidated Plaintiff's three cases at case Nos. 13-cv-00156, 14-cv-00263, and 14-cv-0634. ECF No. 58. The Court ordered Plaintiff to file one Consolidated Amended Complaint on or before February 10, 2016 at Case No. 13-cv-00156. Id. Plaintiff failed to do so and on March 2, 2016, Defendant renewed its Motion to Dismiss for Lack of Prosecution. ECF No. 63. Plaintiff was ordered to respond by March 18, 2016 and again warned that failure to do so would result in this action being dismissed for lack of prosecution. ECF No. 64. On March 17, 2016, Plaintiff filed a "response" which was another motion for appointment of counsel. ECF No. 65. The Court, noting that it had endeavored to find counsel for plaintiff, that four attorneys had declined to represent Plaintiff, and that Plaintiff had been found competent to participate in his criminal proceedings, declined that request. ECF No. 66. Plaintiff did not further respond to the Renewed Motion to Dismiss for Lack of Prosecution, nor did Plaintiff file a Consolidated Amended Complaint as ordered by the Court.

A district court has the power to dismiss an action pursuant to Fed.R.Civ.P. 41(b) for failure to comply with an order of the court. *See, e.g.*, Shipman v. Delaware, 381 F. App'x 162, 164 (3d Cir. 2010) (a pro se plaintiff's failure to respond to an opposing party's motion to dismiss provides a basis for dismissing an action for failure to prosecute); Jackson v. U.S. Bankruptcy Court, 350 F. App'x 621, 625 (3d Cir. 2009) (concluding that district court did not abuse its discretion in dismissing this case for failure to prosecute based on, *inter alia*, plaintiff's failure to respond to three pending motions to dismiss); Allen v. American Federation of Government Employees, 317 F. App'x 180, 181 (3d Cir. 2009) (holding that district court did not abuse its discretion in dismissing complaint without explicitly weighing the Poulis factors when plaintiff failed to file an amended complaint as ordered by the court); Gagliardi v. Courter, 144

F. App'x 267 (3d Cir. 2005) (holding that district court did not abuse its discretion by dismissing, for failure to prosecute, a complaint where plaintiff failed to respond to motion to dismiss for more than three months and plaintiff did not appear to have a meritorious cause of action).

In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

(1)  extent of the party's personal responsibility;

(2)  prejudice to the adversary;

(3)  a history of dilatoriness;

(4)  whether the conduct of the party or the attorney was willful or in bad faith;

(5)  effectiveness of sanctions other than dismissal; and

(6)  meritoriousness of the claim or defense.

In weighing the Poulis factors, the established presumption is that doubts should be resolved in favor of reaching a decision on the merits. Scarborough v. Eubanks, 747 F.2d 871, 878 (3d Cir. 1984). Notwithstanding, although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action with prejudice. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3d Cir. 1992) (court applies some or all of the six-part test in reviewing sanction orders that deprive a party of the right to proceed with or defend against a claim); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (it is not necessary that all of the factors point toward a default before that sanction will be upheld). Consideration of these factors follows.

1. The Extent of the Party's Personal Responsibility

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the Orders directing him to file a Consolidated Amended Complaint by February 10, 2016, directing him to respond to the Motion to Dismiss by March 18, 2016 and denying his request for appointment. The responsibility for his failure to comply is Plaintiff's failure alone.

2. Prejudice to the Adversary

A consideration of this factor in the instant case weighs in favor of dismissal. His failure to comply with the Court's order to file a Consolidated Amended Complaint has delayed the prosecution of this matter and has made it difficult for this Court to determine whether any genuine issues of material fact exist. Additionally, Plaintiff's complaint forced Defendants to retain an attorney and expend time and energy to resolve this matter.

3. A History of Dilatoriness

The docket of this case reveals a history of dilatoriness by Plaintiff. Other than his request for Appointment of Counsel, Plaintiff has made no effort to move this case forward and has failed to comply with Orders requiring him to notify the Court of his change of address, respond to Defendant's Motion to Dismiss and to file a Consolidated Amended Complaint. This is sufficient evidence, in the Court's view, to indicate that Plaintiff does not intend to proceed with this case in the absence of appointed counsel. The Court also notes that Plaintiff has been out of prison since August 7, 2015 and failed to secure counsel during that time.

4. Whether the Party's Conduct Was Willful or In Bad Faith

There is no indication on this record that Plaintiff's failure was the result of any excusable neglect. Thus, the conclusion that his failure is willful is inescapable.

5. Alternative Sanctions

Ordinarily, the court must consider the availability of sanctions alternative to dismissal. *Poulis*, 747, F.2d at 869. However, where a plaintiff is proceeding *pro se*, and moreover, is

5

proceeding *in forma pauperis*, as is the case here, it has been found that no alternative sanctions exist because monetary sanctions, including attorney's fees, "would not be an effective alternative." *Emerson v. Thiel College*, 296 F.3d 184,191 (3d Cir. 2002).

    6.    <u>Meritoriousness of the Claim or Defense</u>

It is difficult to assess the meritoriousness of Plaintiff's claims as Plaintiff has failed to file a Consolidated Amended Complaint and has simply asserted that "The Plaintiff has sufficient evidence to provide to indicate violations of his Federal Protected rights." ECF No. 56. This factor neither weighs for or against dismissal.

In balancing the *Poulis* factors, no single factor is dispositive, *Ware v. Rodale Press*, 322 F.3d 218, 222 (3d Cir. 2003), and not all of the factors need be satisfied in order to dismiss an action. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). There is no "magic formula" to determine how the *Poulis* factors should be balanced, and the determination is within the court's discretion. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008). Based on the foregoing analysis, it is apparent that many of the crucial factors weigh in favor of dismissal of this action as a result of Plaintiff's failure to comply with the Court's Order to file a Consolidated Amended Complaint, as well as other Court Orders as discussed above. For these reasons, the action will be dismissed pursuant to Federal Rule of Civil Procedure 41(b), and the Clerk of Court will be directed to close this case.

An appropriate Order will be entered.

By the Court:

*Cynthia R. Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

6

DATED: April 5, 2016

cc: JOSEPH R. FILBERT
225 Londontowne Dr.
Pittsburgh, PA 15226
(via U.S. First Class Mail – Plaintiff's last known address as reflected on the docket)


Trent A. Echard
Strassburger McKenna Gutnick & Gefsky
(via CM/ECF electronic notification)